UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | |
|---|---|
| AMY WASHAM, mother and next ) | |
| of kin to next friend, K.Z. ) | |
| ) | Civil Action No. 6:08-07-JMH |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | **MEMORANDUM OPINION AND ORDER** |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ) | |
| ) | |
| Defendant. ) | |
| ) | |

** ** ** ** **

This matter is before the Court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of an application for Supplemental Security Income and Disability Insurance Benefits [Record Nos. 10, 11].[1]  The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Amy Washam protectively filed an application for disability benefits on behalf of her daughter, K.Z., on March 28, 2007 [Administrative Record (hereinafter, "AR") at 67-72].  The claim was denied initially and upon reconsideration [AR at 34-42, 45-51].  Plaintiff then timely requested a hearing on November 9,

---

[1] These are not traditional Rule 56 motions for summary judgment.  Rather, it is a procedural device by which the parties bring the administrative record before the Court.

2006.  [AR at 52-55.]  A hearing on the application was conducted on August 14, 2007, and the application was subsequently denied by Administrative Law Judge ("ALJ") Donald A. Rising in a decision dated September 25, 2007.  [AR at 11-24, 191-212.]  Plaintiff timely requested a review of the hearing decision [AR at 8-10], which was denied on November 9, 2007 [AR at 4-7].  This matter is ripe for review and properly before this Court under § 205(c) of the Social Security Act, 42 U.S.C. § 405(g).

K.Z. was nine-years-old and enrolled in the fourth grade at the time of the final decision by the ALJ.  [AR at 196.]  She has no work experience as she is a child.  Plaintiff alleges that K.Z. has been disabled since birth by a lazy right eye, the fact that she was legally blind in her right eye, and that she has vision problems in her left eye.  [AR at 78.]

The evidence of record demonstrates that K.Z. has been treated for amblyopia, as well as common childhood ailments, but with no restrictions on her activities imposed by her physicians.  [AR at 118-49.]  The evidence of record also indicates that K.Z. suffers from headaches, which her mother believes to result from eye strain and which caused more than ten school absences in the 2006-2007 academic year.  The headaches are resolved with over-the-counter Tylenol and rest.  [AR at 202, 206.] K.Z.'s mother reports that K.Z. has fallen on stairs, bumped into things while riding her bicycle, and has difficulty catching a ball due to reduced depth

perception as a result of amblyopia.  [AR at 201, 204.]  There is
evidence that K.Z. has broken her glasses on a number of occasions.
[AR at 206-207.]  In addition to evidence that she attends school,
the record also shows that K.Z. plays with friends and cousins and
takes care of her hygiene needs.  [AR at 203.]  K.Z. can read and
write but has difficulty with small print in school materials,
which appears blurry to her.  [AR at 199-200.]  She is considered
very intelligent by her mother, does not take any remedial courses,
and does her homework.  [AR at 199-201.]  She occasionally plays
video games for short periods of time. [AR at 203.]

Having considered the record, the ALJ found that the K.Z.'s
treatment for her condition, "lazy eye" or amblyopia, had been
standard or unremarkable and that no examining or treating source
has recommended or identified functional limitations or physical
restrictions or requirements due to visual defects.  [AR at 17,
19.]  Although the ALJ found K.Z.'s amblyopia to be a severe
impairment [AR at 17], the ALJ found that the impairment did not
meet or medically equal the criteria for any listed impairment nor
did it functionally equal any listed impairment.  [AR at 17.]

On September 25, 2007, the ALJ made the following findings of
fact in determining that K.Z. was not entitled to disability
benefits:

1.   The claimant was born on October 12, 1997.
     Therefore, she was a school-age child on March 28,
     2006, the date the application was filed, and is
     currently    a    school-age    child    (20    CFR

416.926a(g)(2)).

2.    The claimant has never engaged in any substantial gainful
      activity (20 CFR 416.924(b) and 416.972).

3.    The claimant has the following severe impairment:  right
      sided amblyopia (20 CFR 416.924(c)).

4.    The claimant does not have an impairment or combination
      of impairments that meets or medically equals one of the
      listed  impairments  in  20  CFR  Part  404,  Subpart  P,
      Appendix 1 (20 CFR 416.924, 416.925, and 416.926).

5.    The claimant does not have an impairment or combination
      of impairments that functionally equals the listings (20
      CFR 416.924(d) and 416.026(a).

6.    The claimant has not been disabled, as defined in the
      Social Security Act, since March 28, 2006, the date the
      application was filed (20 CFR 416.024(a)).

[AR at 17, 24]

## II.  OVERVIEW OF THE PROCESS

The  definition  of  disability  for  children  requires  the
existence of a medically determinable physical or mental impairment
which results in marked and severe functional limitations and which
could  be  expected  to  result  in  death  or  has  lasted  or  could  be
expected  to  last  for  a  continuous  period  of  not  less  than  twelve
months.   42 U.S.C. § 1382c(a)(3)(C).

The  ALJ  conducts  a  three-step  sequential  evaluation  procession
in  order  to  determine  whether  a  child  is "disabled":

1.    the  child  must  not  be  engaged  in  substantial
      gainful activity;

2.    the child must have a severe impairment; and

3.    the  severe  impairment  must  meet,  medically  equal,
      or  functionally  equal  one  of  the  impairments  found

in 20 C.F.R., Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 416.924. The burden of proof lies with the claimant to prove that she is disabled. *Foster*, 279 F.3d at 354; *Lowery v. Commissioner, Social Security Admin.*, 55 F.App'x. 333, 335-36 and 341 (6th Cir. 2004).

In determining functional equivalence, the ALJ must assess the functional limitations caused by a child's impairments. 20 C.F.R. § 416.926a(a). The child's functional limitations are evaluated in six broad functional areas or domains:

> (1)  acquiring and using information;
>
> (2)  attending and completing tasks;
>
> (3)  interacting and relating with others;
>
> (4)  moving about and manipulating objects;
>
> (5)  caring for oneself; and
>
> (6)  health and physical well-being.

20 C.F.R. § 416.026(a)(b)(1)(i-vi). These domains are intended to capture all of what a child can or cannot do. 20 C.F.R. § 416.926a(b)(1).

A medically determinable impairment or combination of impairments functional equals a listed impairment if it results in "marked" limitations in two of these domains.[2] 20 C.F.R. §

---

[2]The ALJ's responsibility is to determine limitations based on review of all relevant information in case record, with or without assistance of medical expert. 20 C.F.R § 416.924(a); 20 C.F.R. § 416.927(f)(2)(iii) (ALJ has discretion to request medical expert's opinion to determine nature and severity of claimant's

416.926a(d).  A "marked" limitation is a limitation that is "more than moderate" but "less than extreme."  20 C.F.R. § 416.926a(e)(2).  A claimant has a "marked" limitation if she can prove that her impairment interferes "seriously" with her ability to independently initiate, sustain, or complete activities.  *Id.*

## III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348,353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion, *see Landsaw v. Sec'y of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986).  "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

---

impairments).  Thus, contrary to Plaintiff's argument, it was not error for the ALJ to conduct the functional equivalence evaluation without the assistance of a medical expert to assess Claimant's impairments.

IV.  ANALYSIS

A.   Substantial Evidence Supports ALJ's Finding

In the instant matter, it is undisputed that K.Z., a school-aged child at all relevant times, has never engaged in substantial gainful activity.  20 C.F.R. § 416.924(b).  Further, the ALJ found that the claimant suffered from a severe impairment.  [Tr. at 17.] Accordingly, Plaintiff challenges only the ALJ's finding that the K.Z.'s impairment did not functionally equal a listed impairment. Specifically, Plaintiff argues that the ALJ erred in finding that K.Z. "does not have a 'marked' limitation of functioning in any [domain]" because there is not substantial evidence of record to support his conclusion.  [Pl. Memo. at 6.]

Plaintiff points to the fact that K.Z.'s visual acuity has decreased over the years since her diagnosis with amblyopia and further argues that testimony concerning her frequent falls on stairs, headaches, and inability to catch a ball are evidence supports a finding that she has marked limitations in the various domains of functioning.  Although, Plaintiff's arguments are not particularly clear, the Court believes that Plaintiff complains that the ALJ erred in determining that claimant has less than marked limitations in her ability to move about and manipulate objects because she has fallen on stairs or been hit by balls when playing with other children, and, thus, frequently breaks her

7

glasses.[3]  The Court further understands Plaintiff's argument to be

that the ALJ erred in determining that claimant did not have marked

limitations in her ability to interact and relate normally with

others because she is unable to play ball with other children

without getting hit by the ball.

Assuming that K.Z.'s falls on stairs and difficulties with

playing ball are the result of her decreased visual acuity, the

Court remains unpersuaded of any error because Plaintiff has failed

to develop any argument as to how this evidence supports a marked

limitation in any of the six domains, including K.Z.'s ability to

move about and manipulate objects and to interact and relate

normally with others.  Conclusory arguments simply are not enough.

If the evidence of record supports that conclusion, as Plaintiff

insists, it is Plaintiff's obligation to specifically identify

those portions of the record and to articulate her argument.  It is

not the duty of this Court to argue Plaintiff's case or otherwise

act as her counsel.  *See United States v. Phibbs*, 999 F.2d 1053,

---

[3]Plaintiff suggests that the ALJ ignored this evidence, citing
*Howard v. Commissioner*, 276 F.3d 235, 240 (6th Cir. 2002), for the
proposition that the ALJ erred because he included only those
portions of the evidence which cast her in an unfavorable light.
This case relates to the "residual functional capacity" of an adult
claimant, not an evaluation of the functional areas or domains for
a child.  Nonetheless, even if applicable, the ALJ clearly did not
ignore this evidence, directly addressing it in his decision [AR at
22, 23.]  Further, the Court can find no evidence which supports
Plaintiff's contention that K.Z. has broken her glasses while
riding her bicycle, because of a fall on stairs, or as a result of
being hit by a ball.

1080 n. 12 (6th Cir. 1993).  This Court declines to formulate arguments on behalf of the claimant or to undertake an open-ended review of the entirety of the administrative record when Plaintiff has made little effort to do so in her own brief.  *Hollon ex rel. Hollon v. Comm'r of Social Security*, 447 F.3d 477, 490-91.

Ultimately, the Court is persuaded that substantial evidence of record supports the conclusion of the ALJ, even considering the undisputed evidence of the claimant's decreasing visual acuity over time.  There is no evidence of restriction on claimant's activities set into place by her physicians.  She plays with friends and cousins, takes care of her hygiene needs, and attends school.  She is considered very intelligent by her mother, does not take any remedial courses, and completes her homework. Although Plaintiff has difficulty with depth perception and, thus, bumps into things with her bicycle, has fallen on steps, and has difficulty catching a ball, she is not unable to climb or descend steps, ride a bicycle, or play ball.  She can play video games for short periods of time.  Claimant's headaches, which caused more than ten school absences in the 2006-2007 academic year according to Plaintiff, are resolved with over-the-counter Tylenol and rest.

The Court concludes that substantial evidence of record supports the ALJ's determination that Claimant's condition did not result in marked and severe functional limitations in two of the six domains.  Accordingly, the ALJ did not err, and his decision

will be affirmed.

###### B.   Additional Evidence

Plaintiff also asks the Court to consider a Functional Vision
and Media Assessment report, dated September 10, 2007, from the
Middlesboro Independent School System, which was submitted to the
Appeals Council but not to the ALJ.  [AR at 177-90.]  This evidence
may be used only to the extent necessary to determine whether a
remand is warranted under sentence six of 42 U.S.C. § 405(g), not
to determine whether the ALJ's decision is supported by substantial
evidence.  *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993).

This Court may order additional evidence to be taken before
the Commissioner on remand, "but only upon a showing that there is
good cause for the failure to incorporate such evidence into the
record in a prior proceeding," such as the proceedings before the
ALJ.  *See Melknoyan v. Sullivan*, 501 U.S. 89, 91 (1991); *see also*
*Oliver v. Sec'y of Health and Human Servs.*, 804 F.2d 964, 966
(Plaintiff bears burden of demonstrating good cause for failure to
introduce evidence before administrative hearing).  "A claimant
shows good cause by demonstrating a reasonable justification for
the failure to acquire and present the evidence for inclusion in
the hearing before the ALJ."  *Hollon*, 447 F.3d at 485.

The Functional Vision and Media Assessment was conducted from
August 22, 2007, to August 31, 2007, and the report is dated
September 10, 2007. [AR at 178.]  While it is clear that the report

would not have been available prior to the August 14, 2007, hearing before the ALJ, Plaintiff has not demonstrated why the report, dated September 10, 2007, could not have been obtained and provided to the ALJ prior to the issuance of his Decision on September 25, 2007.  As there has been no attempt to demonstrate good cause for the failure to submit evidence to the ALJ, and remand is precluded under sentence six of 42 U.S.C. § 405(g).  *See Hensley v. Commissioner of Social Security*, 214 F. App'x 547, 551 (6th Cir. 2007).

**V.    CONCLUSION**

For the foregoing reasons, **IT IS ORDERED:**

(1)  That the Commissioner's motion for summary judgment [Record No. 11] be, and the same hereby is, **GRANTED.**

(2)  That the plaintiff's motion for summary judgment [Record No. 10] be, and the same hereby is, **DENIED.**

This the 30th day of March, 2009.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge